**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



JUN 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OMAR TALAVERA DE LA CRUZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-548 <br><br> Agency No. A205-312-995 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2023**
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and TUNHEIM,*** District Judge.

Petitioner Omar Talavera De La Cruz, a native and citizen of Mexico,

timely seeks review of a Board of Immigration Appeals' ("BIA") order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

dismissing his appeal from an immigration judge's ("IJ") denial of asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. We deny the petition in part and dismiss it in part.

When the BIA adopts the decision of the IJ while adding its own reasoning, we review both decisions and treat any additional findings by the BIA as part of the final agency decision. *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735 (9th Cir. 2012). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Petitioner argues that his immigration proceedings must be terminated because the immigration court lacked jurisdiction due to a defective Notice to Appear ("NTA"). Jurisdiction in immigration proceedings vests "when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14(a). An NTA is a charging document. 8 C.F.R. § 1003.13. Petitioner suggests that, under *Pereira v. Sessions*, an NTA is defective when it fails to include the time and place of removal proceedings. 138 S. Ct. 2105, 2113–14 (2018). The NTA in Petitioner's case did not specify the time and place of his hearing. Thus, Petitioner argues that jurisdiction never vested in the

2

immigration court.

Petitioner misconstrues the effect of *Pereira* on his case. We have previously held that a defective NTA does not invalidate the jurisdiction of the immigration court. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 & n.9 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023). Because the agency supplemented Petitioner's NTA with the missing information, the immigration court properly exercised jurisdiction.

2. The BIA affirmed the IJ's decision that Petitioner did not demonstrate that he filed his asylum application within the one-year deadline or qualified for an exception. Petitioner did not meaningfully challenge the BIA's finding before us, so the issue is waived on appeal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (holding that a petitioner waived issues not specifically raised and argued in an opening brief).

3. Substantial evidence supports the agency's decision to deny withholding of removal. We assume without deciding that "indigenous Mexicans" or "members of the Purepecha or Tarasco group" are cognizable particular social groups. Substantial evidence supports the BIA's finding that Petitioner failed to meet the "clear probability" standard required for withholding of removal. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010).

Petitioner did not claim that he experienced past persecution, so his claim was based on fear of future persecution. Here, substantial evidence supports the

BIA's finding that Petitioner failed to establish that he would face any individualized risk of future persecution on account of his particular social group. Critically, none of Petitioner's other family members who live in Mexico have been threatened or harmed. *See id.* ("[A] petitioner's fear of future persecution 'is weakened, even undercut, when similarly-situated family members' living in the petitioner's home country are *not* harmed." (citations omitted)). We therefore deny this portion of the petition.

4. Petitioner challenges the BIA's decision denying his CAT claim as having relied too heavily on internal relocation. But substantial evidence supports the BIA's denial of Petitioner's CAT claim because Petitioner did not establish that he faces a particularized risk of torture or that the Mexican government would acquiesce to any torture. Therefore, we deny his petition as to the CAT claim.

5. Finally, Petitioner challenges the denial of cancellation of removal. Cancellation of removal is a discretionary form of relief available to those who are ordered removed but otherwise meet the requirements under 8 U.S.C. § 1229b(b)(1). Because the BIA and the IJ denied cancellation of removal based on discretionary factors, we lack jurisdiction to review that decision unless Petitioner raises a constitutional claim or a question of law. *See* 8 U.S.C. § 1252(a)(2)(B) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section [1229b.]"); 8 U.S.C. § 1252(a)(2)(D) (creating an exception for

4

review of constitutional claims or questions of law).  Because Petitioner challenges only the discretionary denial of relief, we dismiss for lack of jurisdiction.  *See Arteaga-De Alvarez*, 704 F.3d at 735 ("In cancellation of removal cases we lack jurisdiction to 'review [ ] the merits of a hardship determination.'" (quoting *Mendez–Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (alteration in original))).

**PETITION DENIED in part and DISMISSED in part.  The stay of removal will remain in place until the mandate issues.**